IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OTONIEL CASAS-MONDRAGON, | § § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-231-RP |
| PAM BONDI, *in her official capacity as Attorney General of the United States*, et al., | § § § § | |
| Respondents. | § § | |

**ORDER**

Before the Court is Petitioner Otoniel Casas-Mondragon's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Petitioner invoked 28 U.S.C. § 2243, and the Court ordered Respondents Pam Bondi, United States Attorney General; Kristi Noem, Secretary of the United States Department of Homeland Security; and Charlotte Collins, Warden, T. Don Hutto Detention Center, (together, "Respondents") to show cause within three days as to why the petition should not be granted. (Order, Dkt. 3).

Petitioner and Respondents both filed briefs on or before Friday, February 6, 2026. (Dkts. 5, 6). The Petition and the Respondents largely focused on the interpretation of the Immigration and Nationality Act's ("INA") mandatory and discretionary detention provisions that was adopted by the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). This Court previously interpreted 8 U.S.C. § 1225(b)(2) as not applying to those like Petitioner who have been residing in the country for years, as opposed to a noncitizen present in the United States who has recently arrived and is actively seeking admission. *See, e.g.*, *Guzman v. Bondi*, --- F. Supp. 3d ---, No. 1:25-CV-2055-RP, 2025 WL 3724465 (W.D. Tex. Dec. 23, 2025). On the same date that the parties' briefing concluded, that interpretation was rejected by a Fifth Circuit panel. *Buenrostro-Mendez v. Bondi*, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

Petitioner has alleged that he is entitled to a writ on additional grounds, that (1) his detention without legal justification and without a chance to seek redetermination of his custody status violates his rights to substantive and procedural due process guaranteed by the Fifth Amendment; and (2) he is a member of the bond-eligible class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). (Pet., Dkt. 1, at 14–28). The Court will set an expedited briefing schedule to determine whether this Court should order release on those grounds, independent of its prior interpretation of the INA rejected by the Fifth Circuit. *See, e.g., Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *7 (W.D. Tex. Oct. 2, 2025) (ordering release based on detention violating the Due Process Clause).

**IT IS ORDERED** that Petitioner file a supplemental brief on or before **February 16, 2026** elaborating on his constitutional claims as an independent ground for release. Respondents may file a response brief on or before **February 23, 2026**, and Petitioner may file a reply on or before **February 27, 2026**.

**SIGNED** on February 9, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE